UNITES STATES DISTRICT COURT
MIDDLE DITRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No.:

$50,000 IN UNITED STATES CURRENCY,

    Defendant.

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

### NATURE OF THE ACTION

1.     This is a civil action *in rem* to forfeit to the Unites States of America, pursuant to 18 U.S.C. § 981(a)(1)(A), approximately $50,000 in United States currency seized from Kevin Thammavong's carry-on bag at the Southwest Florida International Airport in Fort Myers, Florida.

### JURISDICTION AND VENUE

2.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over

all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

    a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

    b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1395(b), because the Defendant Funds were found and seized in this district.

## The Defendant *In Rem*

6. The Defendant Funds consist of approximately $50,000 in United States currency seized from the carry-on bag of Kevin Thammavong on August 5, 2019 at the Southwest Florida International Airport by law

enforcement officers who determined there was probable cause to believe that the Defendant Funds constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960.

7. Homeland Security Investigations took custody of the Defendant Funds, and the funds remain in the custody of the United States. As set forth in Supp'l Rule g(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

8. The Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) since the funds constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960, which makes it a crime to knowingly conduct an unlicensed money transmitting business. Specifically, Kevin Thammavong, in transporting and attempting to transport the Defendant Funds, was knowingly conducting an unlicensed money transmitting business, that affected interstate commerce, in one or more states where operation of the business without an appropriate license is punishable as a misdemeanor or felony, in violation of 18 U.S.C. § 1960. Additionally, Thammavong, in transporting and attempting to transport the Defendant Funds, was knowingly conducting an unlicensed money

transmitting business, that affects interstate commerce, while having failed to comply with the requirements of 31 U.S.C. § 5330, in that he did not register the money transmitting business with the Secretary of the Treasury not later than the end of the 180-day period beginning on the date on which the business was established, in violation of 18 U.S.C. § 1960.

## FACTS

9. The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by U.S. Department of Homeland Security Special Agent Casey R. Wehle, who states as follows:

10. On August 5, 2019, Kevin Thammavong was ticketed to fly on a JetBlue flight from Fort Myers, Florida to New York City. The flight was scheduled to depart Fort Myers at approximately 6:20 p.m.

11. Prior to Thammavong's flight, the Transportation Security Administration discovered $50,000 in United States currency in Thammavong's carry-on luggage as he went through the screening process at the security checkpoint.

12. Law enforcement officers responded to investigate and Thammavong agreed to speak with them regarding the currency.

13. Thammavong accompanied the officers to an interview room where he was questioned regarding the currency. The interview was recorded.

14. During that interview Thammavong told the officers the following:

   a. He was from Maryland and worked part-time at a restaurant.

   b. He had a friend named "Sam" who lived in Texas.

   c. The night before, Sam called him and asked him to fly to Florida, the next day, to pick up currency for a guy named "Martin." Martin was Sam's friend and Martin wanted the currency transported from Fort Myers to New York and delivered to him (Martin).

   d. He did not know Martin.

   e. Sam told Thammavong that he needed to go to a restaurant in Fort Myers to pick-up the money.

   f. He purchased his airline ticket with the understanding that he would be reimbursed for it and his other expenses.

   g. He flew to Fort Myers that morning, took an Uber to the China Dragon restaurant, picked-up the money, and took an Uber back to the airport.

   h. He planned to fly to New York where he was supposed to deliver the currency to Martin.

    i. He expected to be compensated for his efforts, but he did not know how much he would receive.

    j. This was not the first time that he transported money.

    k. He had transported currency for Sam in the past and was paid to do so.

    l. On several occasions, he transported currency from Maryland to New York for Sam.

    m. He usually picked up the currency at restaurants.

    n. Sometimes when he transported currency for Sam, Thammavong would deposit the money in his (Thammavong's) TD Bank account and Sam, who had access to the account, would do "what he needs to do."

    o. Sam had access to Thammavong's TD Bank account and Sam could do whatever he needed to do with the money.

    p. Sam would usually pay Thammavong for his services using "Venmo or something like that."

    q. He was not registered in any state as a money transmitting business.[1]

---

[1] The term "money transmitting" includes *transferring funds on behalf of the public by any and all means including* but not limited to *transfers within this country* or to locations abroad *by* wire, check, draft, facsimile, or *courier*. 18 U.S.C. § 1960(b)(1).  In

15. At the time of the seizure, Thammavong was not licensed, or exempted from licensure, as a money service business with the State of Florida, where operation of the business without an appropriate license is punishable as a misdemeanor or felony.[2]

16. At the time of the seizure, Thammavong was not licensed as a money service business with the State of Maryland where operation of the business without an appropriate license is punishable as a misdemeanor or felony.[3]

17. At the time of the seizure, Thammavong was not licensed as a money service business with the State of New York where operation of the business without an appropriate license is punishable as a misdemeanor or felony.[4]

---

transporting money across state lines for a fee paid by a customer to a place that the customer designates, Thammavong was operating as a money transmitting business.

[2] Section 560.125 Florida Statutes makes it a crime to engage in the business of a money services business in Florida unless the person is licensed or exempted from licensure. Thammavong was neither licensed nor exempted.

[3] See MD. CODE ANN., FIN. INST. § 12-405 (LexisNexis 2003) ("A person may not engage in the business of money transmission if that person, or the person with whom that person engages in the business of money transmission, is located in the State unless that person . . . [i]s licensed by the Commissioner."); *Id*. § 12-430 ("Any person who knowingly and willfully violates any provision of this subtitle is guilty of a felony and on conviction is subject to a fine not exceeding $1,000 for the first violation and not exceeding $5,000 for each subsequent violation or imprisonment not exceeding 5 years or both.") (emphasis added).

[4] New York state law provides that it is illegal to receive money for transmission, or to transmit money, without a license issued by the Superintendent of Banks (the "Superintendent"). See N.Y. Banking Law §

7

18.     At the time of the seizure, Thammavong was not registered as a money service business with the Secretary of the Treasury.

19.     Since May 16, 2016, Thammavong has made 24 cash deposits, in amounts greater than $15,000, into his TD Bank account. The deposits were as follows and total $779,904:[5]

| DATE OF DEPOSIT | AMOUNT OF CASH DEPOSIT |
| --- | --- |
| June 27, 2019 | $20,050.00 |
| June 25, 2019 | $20,200.00 |
| June 14, 2019 | $30,000.00 |
| May 15, 2019 | $30,020.00 |
| January 18, 2019 | $26,000.00 |
| January 10, 2019 | $31,000.00 |
| January 3, 2019 | $20,000.00 |
| January 2, 2019 | $30,000.00 |
| December 17, 2018 | $20,000.00 |
| December 13, 2018 | $30,000.00 |
| December 3, 2018 | $35,075.00 |
| November 1, 2018 | $65,222.00 |
| October 11, 2018 | $35,500.00 |
| August 22, 2018 | $70,000.00 |

---

641 ("[N]o person shall engage in the business of receiving money for transmission or transmitting the same, without a license therefor obtained from the superintendent as provided in this article. "). The law imposes a misdemeanor penalty on whoever "violates or participates in the violation of any provisions of this article." *Id.* § 650(1).   A violation is elevated to a felony if the business knowingly received or transmitted a total of $10,000 or more in a single transaction, a total of $25,000 or more in a period of 30 days or less, or a total of $250,000 in a period of one year or less.   See *Id.* § 650(2)(b)(1). A violation is a misdemeanor if the business knowingly received or transmitted lesser amounts. See *Id.* § 650(2)(a).

[5] The average deposit was $32,496 ($779,904/24 = $32,496).

| DATE OF DEPOSIT | AMOUNT OF CASH DEPOSIT |
|---|---|
| August 6, 2018 | $15,000.00 |
| January 4, 2018 | $30,070.00 |
| December 18, 2017 | $50,000.00 |
| December 4, 2017 | $50,010.00 |
| October 26, 2017 | $31,600.00 |
| July 13, 2017 | $40,008.00 |
| June 2, 2017 | $20,000.00 |
| August 3, 2016 | $20,000.00 |
| June 13, 2016 | $30,000.00 |
| May 16, 2016 | $30,149.00 |

## CONCLUSION

As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) since the funds constituted property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960. Specifically, Kevin Thammavong, in transporting and attempting to transport the Defendant Funds, was knowingly conducting an unlicensed money transmitting business, that affected interstate commerce, in one or more states where operation of the business without an appropriate license is punishable as a misdemeanor or felony, in violation of 18 U.S.C. § 1960. Additionally, Thammavong, in

transporting and attempting to transport the Defendant Funds, was knowingly conducting an unlicensed money transmitting business, that affects interstate commerce, while having failed to comply with the requirements of 31 U.S.C. § 5330, in that he did not register the money transmitting business with the Secretary of the Treasury not later than the end of the 180-day period beginning on the date on which the business was established, in violation of 18 U.S.C. § 1960.

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and

that the United States have such other and further relief as this case may require.

Dated: January 15, 2020

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: _____
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar No. 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
E-mail: james.muench2@usdoj.gov

By: _____
JESSICA N. REDER
Special Assistant United States Attorney
Florida Bar No. 103316
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Email: Jessica.reder@usdoj.gov

## **VERIFICATION**

I, Casey R. Wehle, hereby verify and declare under penalty of perjury, that I am a U.S. Department of Homeland Security Special Agent, and pursuant to 28 U.S.C. § 1746, I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other U.S. Department of Homeland Security Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 14 day of January, 2020.

Casey R. Wehle
Special Agent
U.S. Department of Homeland Security

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | | | | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | |
| | | | | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.