UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No.:   2:20-cv-36-FtM-38MRM

$50,000 IN UNITED STATES
CURRENCY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is the United States' Motion for Default Judgment of Forfeiture.  (Doc. 14).  The government moves for the entry of a default judgment of forfeiture against approximately $50,000 in defendant funds.  (*Id*. at 1).  To date, no other party has appeared in this matter.  For the reasons set forth herein, the Undersigned recommends that the United States' Motion (Doc. 14) be **GRANTED**.

### BACKGROUND

The United States filed its Verified Complaint for Forfeiture *In Rem* on January 15, 2020. (Doc. 1).  The government alleges it seized the defendant funds from Kevin Thammavong's carry-on bag at the Southwest Florida International Airport in Fort Myers, Florida because it had probable cause to believe the funds constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960.  (*Id*. at 1).  Stated differently, the government maintains the funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) because Thammavong, in transporting the currency, was knowingly conducting an unlicensed money transmitting business.  (*Id*. at 3).

The Complaint sets forth the following facts surrounding the United States' seizure of the funds. Before boarding his flight, the Transportation Security Administration discovered $50,000 in Thammavong's carry-on luggage at the security checkpoint. (Doc. 1 at 4). Thammavong then voluntarily told law enforcement officers he lived in Maryland and worked part-time at a restaurant. (*Id*. at 5). The night before his flight, a friend living in Texas called Thammavong and asked if he would pick up some cash for an acquaintance and fly the money from Florida to New York and deliver the money to the acquaintance. (*Id*.). Despite not knowing the acquaintance, Thammavong flew to Fort Myers, took an Uber to a Chinese restaurant and picked up the currency, and returned to the Airport; it was Thammavong's understanding that someone would reimburse him for his airline travel and compensate him for his effort. (*Id*.).

Thammavong also admitted this was not the first time he had transported money for his friend in Texas but had done so on several prior occasions. (Doc. 1 at 6). Sometimes the friend would deposit the money directly in Thammavong's bank account—to which the friend had access—and other times Thammavong would pick up the money at various restaurants. (*Id*.). The friend would then pay Thammavong for his services. (*Id*.). Thammavong admitted that at the time of the seizure, he was not licensed in any state as a money transmitting business. (*Id*.). The government further alleges that since May 16, 2016, Thammavong has made twenty-four cash deposits in amounts greater than $15,000. (*Id*. at 7-8).

Upon these facts, the government alleges Thammavong violated 18 U.S.C. § 1960(b)(1) which relevantly defines "money transmitting" as transferring funds on behalf of the public by any means including, but not limited to, transfers within this country by courier. *See* 18 U.S.C. § 1960(b)(1). Thereafter, the government complied with the rules governing notice and sent direct

notice to Thammavong and his attorney while also publishing a notice on an official government website for thirty consecutive days.  (Docs. 10, 11 at 2).  The Court found notice proper and neither Thammavong nor any other claimant made an appearance or otherwise filed a claim and the Court entered a Clerk's Default against the funds.  (Doc. 12).

The United States now requests that the Court enter a default judgment of forfeiture, forfeiting all right, title, and interest in the funds and vesting clear title to the funds with the Government.  (Doc. 14 at 3-4).

## DISCUSSION

The Court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).  *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 666 (M.D. Fla. 2015); *see also Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).  The effect of the entry of a default is that all factual allegations in the complaint are taken as true, save for the amount of unspecified damages.  *Cohan*, 309 F.R.D. at 666 (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).  "[I]f liability is well-pled in the complaint, it is established by the entry of a default."  *Id.*

Default judgment, however, may only be entered "if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment."  *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1]  While the Court "must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions."  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-ORL-22-KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Ashcroft v.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

*Iqbal*, 556 U.S. 662, 678 (2009)).  Defendants are not held to admit facts that are not well-pled or to admit conclusions of law.  *Nishimatsu*, 515 F.2d at 1206.

To be well-pled, a complaint does not need detailed factual allegations, but a complaint must provide the grounds for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. 678.  This standard—derived from motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)—is "equally applicable to a motion for default judgment."  *Cohan*, 309 F.R.D. at 667.  Thus, a complaint requires more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  A complaint will not suffice if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'"  *De Lotta*, 2009 WL 4349806, at *2 (quoting *Twombly*, 550 U.S. at 570).

Here, the Complaint's well-pled allegations establish that the funds constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 in that Thammavong knowingly conducted an unlicensed money transmitting business.  Additionally, the government properly complied with the notice requirements as set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and there are no timely claims or answers in this matter.  Accordingly, the Undersigned finds that the government is entitled to a default judgment of forfeiture.

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The United States' Motion for Default Judgment of Forfeiture (Doc. 14) be **GRANTED**.

2.  The Clerk be **DIRECTED** to enter a default judgment forfeiting to the United States all right, title, and interest in the funds and close the case.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on June 24, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties